Submitted March 5, reversed April 7, 2021

In the Matter of M. C. M.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. K.,
*Appellant.*

Umatilla County Circuit Court
20JU02881; A174563

484 P3d 1130

Eva J. Temple, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena Stross, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

In this juvenile dependency case, mother appeals from a judgment in which the juvenile court took jurisdiction over her child, M, based on its findings that she is unable to safely protect child from father's behaviors that pose a threat of harm to child and that her substance abuse interfered with her ability to parent. She asserts that in oral findings, the court specifically indicated it did not find that mother was unable to protect the child from father, and she further asserts that there was not legally sufficient evidence that substance abuse interfered with her ability to parent the child. The Department of Human Services (DHS) concedes that the court did not intend to take jurisdiction with respect to the allegation that mother failed to protect child from father, and further concedes that there was insufficient evidence for the court to take jurisdiction based on the substance abuse allegation, where the evidence showed only that mother had used a controlled substance approximately eight months before the hearing. *See generally Dept. of Human Services v. A. W.*, 276 Or App 276, 278, 367 P3d 556 (2016) (to establish dependency jurisdiction, DHS must present evidence sufficient to support a conclusion that a child's condition or circumstances expose the child to a current threat of serious loss or injury that is likely to be realized). We agree with and accept DHS concession that the evidence is legally insufficient to establish either asserted basis for jurisdiction in this case. Accordingly, we reverse the jurisdictional judgment.

Reversed.